UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL D. PREER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:12-cv-357-JMS-WGH |
| | ) |
| BRIAN SMITH, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Michael Preer for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 12-05-0359. For the reasons explained in this Entry, Preer's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445,

454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

### B. The Disciplinary Proceeding

On May 26, 2012, Correctional Officer T. Fields wrote a report of conduct in case IYC 12-05-0359 charging Preer with possession of an illegal substance. The Conduct Report states:

> On 5/26/12 at approximately 3:00 am I officer. [sic] was conducting a targeted shakedown of offender Preer Michael 945378 of HUC N-unit cell 16U. Upon searching the cell I observed a strong odor that resembled possible illicit substance coming from lower bunk drawer. I then observed the smell coming from inside the bed, so I unscrewed the middle panel where the mattress lays. Upon lifting the panel I observed two white gym socks tied in a knot. I untied the knot and observed several unknown items. I then secured the items, and continued my search with nothing else found. Once I completed the cell search, I then noticed 6 folded commissary sheets that contained green leafy substance, two larger bag[,] containing a green leafy substance, and nine individually wrapped packs containing an unknown [sic] of white powder/rock substance. I the [sic] questioned both offenders on who these items belonged to and no one would admit to who's they were. A confiscation form was written and evidence placed in locker.

On May 31, 2012, Preer was notified of the charge of possession of an illegal substance and served with the Conduct Report and the notice of disciplinary hearing "Screening Report." Preer was notified of his rights, pled not guilty, and requested the appointment of a lay advocate He requested a witness and requested the following evidence: Photo/Confiscation Slip/Statements. The hearing officer conducted a disciplinary hearing in IYC 12-05-359 on June 2, 2012, and found Preer guilty of the charge of possession or use of a controlled substance. In making this determination, the hearing officer considered the offender's statements, Conduct Report, staff reports, and evidence from witnesses. The hearing officer issued the following sanctions: 90 day earned credit time loss and a demotion from credit class 1 to credit class 2. The hearing officer imposed the sanctions because of the seriousness of the charge; the offender's attitude and demeanor during the hearing; the degree to which the violation disrupted/endangered the security

of the facility; and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Preer appealed to the Facility Head on June 9, 2012. The Facility Head denied the appeal on June 21, 2012. Preer's appeal to the Final Reviewing Authority was denied on August 6, 2012. In denying Preer's appeal, the Final Reviewing Authority stated:

> Your appeal on disciplinary action taken against you in the above-cited case has been received.
>
> I have reviewed all the issues brought to the Superintendent on appeal. There is no evidence of procedural or due process error. The conduct report is clear and does support the charge. The sanctions imposed were within the guidelines of the Disciplinary Code for Adult Offenders.
>
> APPEAL DENIED

**C. Analysis**

In his petition, Preer raises the following challenges to his disciplinary conviction: 1) there was insufficient evidence to find him guilty of possession; and 2) he was denied the right to call witnesses and present physical evidence.

    1. *Sufficiency of the Evidence*

Preer first asserts that the evidence was insufficient to find him guilty of the charge of possession because the items allegedly belonged to his cellmate. In a prison disciplinary proceeding, the standard is that a verdict of guilt must be supported by at least "some evidence." *Hill*, 472 U.S. at 454. The "some evidence" standard is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. Stated differently, "[t]his standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced.'" *Id.* at 455 (quoting *United States ex rel. Vajtauer v. Comm'r of Immigration,* 273 U.S. 103, 106 (1927)). "Ascertaining whether this standard is

satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "[O]nly evidence that was presented to the [hearing officer] is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992).

A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Correctional Officer Fields in the conduct report states that he found items later identified as marijuana and opium in Preer's cell. Although Preer argues that these items belonged to his cellmate, this is not sufficient to defeat the evidence supporting the charge against him. Preer can be held responsible for whatever is found in his cell. For instance, the Seventh Circuit has ruled that due process is not violated when a prisoner is disciplined for possession of a weapon when it was found in a cell occupied by the prisoner and three other inmates. *Hamilton*, 976 F.2d at 345-46. That court stated that a one-in-four chance that the weapon belonged to him satisfied the "some evidence" requirement. *Id.* Because the illegal substances at issue were found in Preer's cell, like the weapon in *Hamilton*, the evidence was sufficient to find Preer guilty.

2. *Witnesses and Evidence*

Preer also asserts that he was denied the right to call his cellmate as a witness and that he was denied access to physical evidence.

On the screening report, Preer indicated that he wanted to call his cellmate as a witness. The Report of the Disciplinary Hearing indicates that the hearing officer considered Preer's statement and evidence from witnesses. Even if the hearing officer did not consider evidence from Preer's cellmate, the denial of evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th

Cir. 2003). Here, as explained above, regardless of what his cellmate's testimony would have been, the evidence was sufficient to find Preer guilty of possession of an illegal substance because the drugs were found in his cell.

Similarly, the only evidence Preer requested was the photo/confiscation slip/statements. The hearing officer relied on staff reports and a photo showing the confiscated material and field testing results of the confiscated items. The physical evidence that Preer requested was provided to the hearing officer. In addition, Preer has not shown that he was prejudiced by the exclusion of any requested evidence.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Preer to the relief he seeks. Accordingly, Preer's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/04/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Michael D. Preer
No. 945378
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914